UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JODY LOVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:20-CV-254 |
| | )  3:14-CR-162 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Jody Love's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 119].[1] The United States has responded in opposition. [Doc. 11]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 8]. In his memorandum supporting his § 2255 motion, Petitioner moves for appointment of counsel and for an evidentiary hearing. [Doc. 2, p. 6]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 119] will be **DENIED**, his motion for counsel [Doc. 2] will be **DENIED**, and his motion for an evidentiary hearing [*Id*.] will be **DENIED as MOOT**.

I. BACKGROUND

---

[1] Document numbers not otherwise specified refer to the civil docket.

In December 2014, Petitioner and three co-defendants were charged in a one-count indictment for aiding and abetting each other to knowingly be a felon in possession of a firearm. [Crim. Doc. 1]. On March 10, 2015, Petitioner entered into a plea agreement with the Government. [Crim. Doc. 37]. Petitioner agreed to plead guilty to the indictment of being a previously convicted felon in possession of firearms, aided and abetted by another, in violation of 18 U.S.C. §§ 922(g)(1) and (2). [*See id.*] The plea agreement was signed by Petitioner and attorney Andrew S. Roskind.

In his plea agreement, Petitioner acknowledged that on August 21, 2014, co-defendant broke into a Tazewell, Tennessee residence and stole approximately 57 firearms. Petitioner helped co-defendant sell the firearms and knowingly possessed stolen firearms. [*Id.* at 2]. Petitioner also acknowledged that he had previously been convicted of a felony, specifically four Claiborne County, Tennessee aggravated assault convictions in 1996, 2003, 2005, and 2008. [*Id.*].

The Court conducted a change of plea hearing on August 20, 2015. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights pursuant to Rule 11, that he waived the reading of the Indictment, that he pled guilty to Count 1 of the Indictment, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 44].

On March 24, 2016, Petitioner and the Government entered into an Amended Plea Agreement. [Crim. Doc. 86]. In it, Petitioner agreed that he was an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), that he would fully cooperate with

2

the Government, and that a sentence of 180 months would be appropriate in this case. [*Id*.]; [Crim. Doc. 87]. Shortly after the Amended Plea Agreement was filed, a Revised Presentence Investigation Report ("RPSR") was issued. [Crim. Doc. 89]. The RPSR calculated a total offense level of 31 and a criminal history category of VI, resulting in a guideline range of 188 to 235 months. [*Id*. at ¶ 72]. The RPSR noted that there was a statutory mandatory minimum term of imprisonment of 15 years and a statutory maximum term of imprisonment of Life. [*Id*. at ¶ 71]. The RPSR also noted that Petitioner benefited from the Amended Plea Agreement because the Rule 11(c)(1)(C) recommended sentence of 180 months was below the guidelines range. [*Id*. at ¶ 73].

The Government filed a notice of no objections to the PSR. [Crim. Doc. 55]. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 91]. Petitioner, through counsel, filed a sentencing memorandum, requesting the Court adopt the negotiated sentence of 180 months as set forth in the Amended Plea Agreement. [*Id*.].

On April 20, 2016, the Court sentenced Petitioner to a total of 180 months' imprisonment and then five years of supervised release. [Crim. Doc. 93]. Petitioner did not file a direct appeal, but on June 9, 2020, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is

3

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

4

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise two claims in this § 2255 motion: 1) ineffective assistance of counsel for failing to "reserve the rights to argue and challenge prior predicate offenses used as enhancements for ACCA" because Petitioner is "actually innocent of the ACCA 924(e) gun enhancement," and 2) that Petitioner's prior aggravated assault under Tenn. Code Ann. § 39-13-102(c) did not qualify as a violent felony during his sentencing proceedings. [Doc. 1, pp. 4-5; Crim. Doc. 119]. Petitioner also has two non-dispositive motions pending. [Doc. 2]. The Court will first address the non-dispositive motions, followed by Claim 2, then Claim 1.

#### A. Non-Dispositive Motions

##### a. *Motion for Counsel*

5

Petitioner filed a motion for appointed counsel, requesting the Court appoint him an attorney as "[P]etitioner alleges all the necessary elements of a colorable claim under *Johnson*" and as "the issue of a valid plea is in question and this presents exceptional circumstances." [Doc. 2, p. 6] (internal citations and quotations omitted).

It is well established that there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). However, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Here, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit as discussed below. None of Petitioner's claims are legally or factually complex to warrant counsel. Petitioner has also failed to offer any material facts that would justify the appointment of counsel. Accordingly, his motion for counsel [Doc. 2] will be **DENIED**.

### b. *Motion for Evidentiary Hearing*

Petitioner has also filed a motion for an evidentiary hearing. [Doc. 2]. As stated above, the Court has found no need for an evidentiary hearing in this case. Further, as set forth below, the Court has found that Petitioner is not entitled to relief as to any of his claims. Accordingly, Petitioner's motion for evidentiary hearing [Doc. 2] will be **DENIED as MOOT**.

### B. Claim 2 – Improper Determination that Petitioner was an Armed Career Criminal

#### a. *Timeliness*

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. at 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final, when a newly recognized right is made retroactively applicable by the Supreme Court, or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding Petitioner's prior aggravated assault convictions and their effect on Petitioner's sentence. These are facts which could

7

have been discovered prior to Petitioner's sentencing hearing on April 20, 2016, through the exercise of due diligence. Petitioner also raises a claim under *Johnson v. United States*, 576 U.S. 591 (2015). However, *Johnson* was decided prior to Petitioner's sentencing and was not made retroactive by the Supreme Court. Because Petitioner did not file appeal, Petitioner's judgment became final May 4, 2016, and thus, as the latest of the dates, is the date the Court will use in determining the timeliness of the motion. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). As Petitioner filed the instant motion June 9, 2020, over four years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Here, Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or

8

that he had been pursuing his rights diligently. Because Petitioner has not established that he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

### b. *Procedural Default*

Because Petitioner failed to raise the issue presented in Claim 2 on appeal, he is procedurally defaulted from bringing this claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). However, Petitioner can overcome the default by showing cause and prejudice. Here, Petitioner has not attempted to show cause or prejudice for failing to raise these issues on appeal.

However, Petitioner does attempt to raise a claim of "actual innocence" in his ineffective assistance of claim. A petitioner can substantiate a claim of actual innocence by showing that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (internal quotations omitted). *See Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (finding "claims of actual innocence are rarely successful"). Petitioner does not claim he is innocent of the offense for which he pled guilty, nor does he even claim that he is innocent of the prior aggravated assault convictions which were the basis for the ACCA enhancement. [Docs. 1

9

& 2]. Petitioner has not met his burden as he has not alleged, much less shown, that he is actually innocent of the crime for which he pleaded guilty. *Bousley*, 523 U.S. at 622-23.

### c. *Collateral Attack Waiver*

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed an Amended Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial and (ii) ineffective assistance of counsel." [Crim. Doc. 86, p. 5].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because

Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, Claim 2 is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's Claim 2 will be **DENIED** as untimely, procedurally defaulted, and barred by his collateral attack waiver. However, as discussed below, this claim alternatively fails on the merits.

### d. Merits

Petitioner primarily argues that his prior aggravated assault charges were based on Tenn. Code Ann. § 39-13-102(c) and do not qualify as predicate felonies under the ACCA. [Doc. 2, p. 2]. Further, Petitioner asserts that the Sixth Circuit has held that aggravated assault is a violent felony under the residual clause of the ACCA which was found unconstitutionally void for vagueness by the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015). [*Id*. at 3]. The Government responds that while Petitioner's Claim 2 is not cognizable on collateral review, Petitioner's prior aggravated assault convictions were based on Tenn. Code Ann. § 39-13-102(a), not 102(c) as he claims, which the Sixth Circuit has consistently held qualify as violent felonies under the ACCA. [Doc. 11, pp. 10-11] (internal citation omitted).

Petitioner's arguments are directly contradicted by the record and are not credited. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's prior felony convictions of aggravated assault qualify under the ACCA because they involved the use, attempted use, or threatened use of force. As these prior charges do not rely on the ACCA residual clause

11

found void for vagueness in *Johnson*, Petitioner was properly classified as an armed career criminal. Thus, Claim 2 also fails on the merits.

### C. Claim 1 – Ineffective Assistance of Counsel

As discussed above, Petitioner's claim of ineffective assistance of counsel is not barred by his collateral attack waiver, or procedurally defaulted, but is still untimely. Accordingly, the Court will **DENY** Claim 1 as untimely. However, even if Claim 1 had been timely filed, it would still fail on the merits.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the

12

circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's argument fails at *Strickland's* second step. Petitioner's primary argument for ineffective assistance of counsel is that his counsel did not reserve the right to argue and challenge the use of Petitioner's prior predicate offenses to enhance his sentence under the ACCA. [Doc. 1, p. 4]. Petitioner notes that the Supreme Court ruled on the ACCA issue prior to his sentencing. [*Id*.]. As discussed above, Petitioner was properly enhanced under the ACCA and has not shown that an objection or appeal would have changed the result of the proceeding. A challenge to the use of those predicate offenses to enhance Petitioner's sentence would have been frivolous. Counsel cannot be deemed ineffective for not raising frivolous arguments. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003).

Further, Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner thus cannot bear his burden of showing "a

13

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner's Claim 1 will be **DENIED** as untimely, and Petitioner has not shown that he was prejudiced by any alleged ineffectiveness of counsel.

### IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 119] will be **DENIED** and **DISMISSED**. Petitioner's motion for counsel [Doc. 2] will be **DENIED**, and his motion for an evidentiary hearing [*Id*.] will be **DENIED as MOOT**.

### V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

14

Case 3:20-cv-00254-RLJ-DCP   Document 14   Filed 04/07/22   Page 14 of 15   PageID #: 96

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge